UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

SAPERE WEALTH MANAGEMENT, LLC and
SCOTT TREASE,

Defendants.

C.A. No. __-____

**CONSENT OF DEFENDANT SAPERE WEALTH MANAGEMENT, LLC**

1. Defendant Sapere Wealth Management, LLC ("Defendant Sapere," and collectively with Scott Trease, "Defendants") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant Sapere and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant Sapere admits), Defendant Sapere hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant Sapere from, directly or indirectly, violating Section 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(2)]; and

    (b) orders Defendant Sapere to comply with the conduct-based injunction

1

attached as Appendix A.

3. Defendant Sapere undertakes to, within 10 business days of the entry of the Final Judgment, distribute copies of the complaint and Final Judgment in this matter to all of its current (as of the date of the Final Judgment) advisory "clients," (as that term is used in 15 U.S.C. § 80b-6) (collectively, "Clients" and each a "Client")) along with a cover letter not unacceptable to Commission Enforcement staff, via mail, commercial courier, or e-mail; and certify, in writing, compliance with the undertakings set forth above. The certification shall identify the undertakings, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant Sapere agrees to provide such evidence. Defendant Sapere shall submit the certification and supporting material to the Associate Regional Director of Enforcement in the Commission's Atlanta Regional Office, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than 20 business days from the date of the completion of the undertakings.

4. Defendant Sapere waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant Sapere waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant Sapere enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant Sapere to enter into this Consent.

7. Defendant Sapere agrees that this Consent shall be incorporated into the Final

Judgment with the same force and effect as if fully set forth therein.

8. Defendant Sapere will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant Sapere waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant Sapere of its terms and conditions. Defendant Sapere further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant Sapere has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant Sapere in this civil proceeding. Defendant Sapere acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant Sapere waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant Sapere further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in

an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant Sapere understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant Sapere understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant Sapere's agreement to comply with the terms of Section 202.5(e), Defendant Sapere: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant Sapere does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant Sapere does not deny the allegations; and (iii) upon the filing of this Consent, Defendant Sapere hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant Sapere breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant Sapere's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant Sapere hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law

4

Case 3:23-cv-00172-MOC-DSC   Document 2-1   Filed 03/22/23   Page 4 of 8

to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant Sapere to defend against this action. For these purposes, Defendant Sapere agrees that Defendant Sapere is not the prevailing party in this action since the parties have reached a good faith settlement.

22.    Defendant Sapere agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.



5

23. Defendant Sapere agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: March 1, 2023

Sapere Wealth Management, LLC

By: *[signature]*
Scott Trease
Managing Member
130 Matthew Station St.
Matthews, NC 28105

On March 1, 2023, Scott Trease, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Sapere as its Managing Mbr

*[signature]*
Notary Public
Commission expires: 9/26/24

*[Notary seal: REBEKAH D MURPHY, NOTARY PUBLIC, CARTERET CO., NC]*

Approved as to form:

*Brian L. Whisler*
Brian L. Whisler, Esq.
Peter K.M. Chan, Esq.
Baker & McKenzie LLP
815 Connecticut Ave NW
Washington, DC 20006 USA
202-452-7019
312-861-2875
Attorneys for Defendant Sapere

6

# Appendix A

**Conduct Based Injunction**

a. For a period of 5 years from the date of this order, Defendants shall not, directly or indirectly, including but not limited to, through any entity owned or controlled by them, make any recommendation to, provide advice to, or exercise discretionary trading authority on behalf of, ("Recommend," "Make a Recommendation," or "Recommendation") any "client" of Defendants (as that term is used in 15 U.S.C. § 80b-6) (collectively, "Clients" and each a "Client") regarding any securities, investment, or debt transaction (collectively "Transaction"), except that this injunction shall not prevent Defendants from:

   i. Recommending a Transaction to a Client that consists of buying or selling publicly traded securities (for purposes of this order, "publicly traded security" means any security (including an option on individual securities, and an option on a group or index of such securities) listed, or admitted to unlisted trading privileges, on a national securities exchange) or listed futures (for purposes of this order, "listed futures" means any futures transaction that is conducted on or subject to the rules of a contract market or derivatives transaction execution facility appropriately designated by the Commodity Futures Trading Commission and that is executed or consummated by or through such contract market);

   ii. Recommending a Transaction to a Client that consists of buying or selling securities or other interests of an investment company registered with the Commission or of a pooled investment vehicle that invests only in publicly traded securities; or

   iii. Recommending a Transaction to a Client if:

   1. Prior to making such Recommendation, Defendants engage a due diligence consultant, which is not an associated person of Defendant Sapere or its affiliates, and in which no such associated person has any ownership, employment, or beneficial interest, ("Due Diligence Consultant") to perform reasonable due diligence on the entities and individuals that the Due Diligence Consultant deems appropriate for due diligence review of the Transaction, such as the underlying issuer, fund, pooled investment vehicle, or other person or entity with which the Client would be transacting, and the Due Diligence Consultant completes such reasonable due diligence; or

   2. There was previously performed reasonable due diligence by a Due Diligence Consultant on the entities and individuals that the Due Diligence Consultant deemed appropriate for due diligence review of the Transaction, such as the underlying issuer, fund, pooled investment

i

vehicle, or other person or entity with which the Client would be transacting ("Prior Due Diligence").

b. When making a Recommendation to a Client on a Transaction, Defendants shall inform the Client, if applicable, that a Due Diligence Consultant has, at the completion of the reasonable due diligence, rejected or recommended against the Recommendation (or rendered such a rejection or recommendation in Prior Due Diligence).

c. Within 30 days after the five-year anniversary of this order, Defendants shall certify in writing compliance with the injunction described in paragraphs a and b and their subparts. The certification shall identify the injunction and provide written evidence of compliance in the form of a narrative. The Commission staff may make reasonable requests for further evidence of compliance, and Defendants agree to provide such evidence. The certification shall be submitted to the Associate Regional Director for Enforcement of the Commission's Atlanta Regional Office, with a copy to the Office of Chief Counsel of the Enforcement Division. The narrative shall include the following information for the five-year period of the injunction:

   i. The name and contact information for all Due Diligence Consultants engaged to review Transactions; and

   ii. A description of all instances in which Defendants provided a Recommendation to a Client after a Due Diligence Consultant, at the completion of the reasonable due diligence, rejected or recommended against the Recommendation of a Transaction to a Client (or rendered such a rejection or recommendation in Prior Due Diligence).

d. This order does not prohibit Defendant Trease from performing any Transaction in his own personal account.