| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SAPERE WEALTH MANAGEMENT, LLC and SCOTT TREASE,<br><br>Defendants. | ORDER AND<br>FINAL JUDGMENT |

**THIS MATTER** is before the Court on a Consent Motion for Entry of Final Judgment, Based Upon Signed Consents of Defendants Sapere and Trease, filed by the US Securities and Exchange Commission. (Doc. No. 2). The motion is **GRANTED**.

The Court makes the following findings and enters a Final Judgment in this matter:

The Securities and Exchange Commission ("Commission" or "Plaintiff") having filed a Complaint and Defendants Sapere Wealth Management, LLC ("Defendant Sapere") and Scott Trease ("Defendant Trease") (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

1

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(2)], by, as an investment adviser, using the mails or any means or instrumentality of interstate commerce, directly or indirectly, to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 21(d)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(5)], Defendants are restrained and enjoined as follows:

a. For a period of 5 years from the date of this order, Defendants shall not, directly or indirectly, including but not limited to, through any entity owned or controlled by them, make any recommendation to, provide advice to, or exercise discretionary trading authority on behalf of, ("Recommend," "Make a Recommendation," or "Recommendation") any "client" of Defendants (as that term is used in 15 U.S.C. § 80b-6) (collectively, "Clients" and each a "Client") regarding any securities, investment, or

debt transaction (collectively "Transaction"), except that this injunction shall not prevent Defendants from:

i. Recommending a Transaction to a Client that consists of buying or selling publicly traded securities (for purposes of this order, "publicly traded security" means any security (including an option on individual securities, and an option on a group or index of such securities) listed, or admitted to unlisted trading privileges, on a national securities exchange) or listed futures (for purposes of this order, "listed futures" means any futures transaction that is conducted on or subject to the rules of a contract market or derivatives transaction execution facility appropriately designated by the Commodity Futures Trading Commission and that is executed or consummated by or through such contract market);

ii. Recommending a Transaction to a Client that consists of buying or selling securities or other interests of an investment company registered with the Commission or of a pooled investment vehicle that invests only in publicly traded securities; or

iii. Recommending a Transaction to a Client if:

    1. Prior to making such Recommendation, Defendants engage a due diligence consultant, which is not an associated person of Defendant Sapere or its affiliates, and in which no such associated person has any ownership, employment, or beneficial interest, ("Due Diligence Consultant") to perform reasonable due diligence on the entities and individuals that the Due Diligence Consultant deems appropriate for due diligence review of the Transaction, such as the underlying issuer, fund,

   pooled investment vehicle, or other person or entity with which the Client would be transacting, and the Due Diligence Consultant completes such reasonable due diligence; or

  2. There was previously performed reasonable due diligence by a Due Diligence Consultant on the entities and individuals that the Due Diligence Consultant deemed appropriate for due diligence review of the Transaction, such as the underlying issuer, fund, pooled investment vehicle, or other person or entity with which the Client would be transacting ("Prior Due Diligence").

b. When making a Recommendation to a Client on a Transaction, Defendants shall inform the Client, if applicable, that a Due Diligence Consultant has, at the completion of the reasonable due diligence, rejected or recommended against the Recommendation (or rendered such a rejection or recommendation in Prior Due Diligence).

c. Within 30 days after the five-year anniversary of this order, Defendants shall certify in writing compliance with the injunction described in paragraphs a and b and their subparts. The certification shall identify the injunction and provide written evidence of compliance in the form of a narrative. The Commission staff may make reasonable requests for further evidence of compliance, and Defendants agree to provide such evidence. The certification shall be submitted to the Associate Regional Director for Enforcement of the Commission's Atlanta Regional Office, with a copy to the Office of Chief Counsel of the Enforcement Division. The narrative shall include the following information for the five-year period of the injunction:

i.   The name and contact information for all Due Diligence Consultants engaged to review Transactions; and

   ii.  A description of all instances in which Defendants provided a Recommendation to a Client after a Due Diligence Consultant, at the completion of the reasonable due diligence, rejected or recommended against the Recommendation of a Transaction to a Client (or rendered such a rejection or recommendation in Prior Due Diligence).

d. This order does not prohibit Defendant Trease from performing any Transaction in his own personal account.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Trease is liable for a civil penalty in the amount of $100,000 pursuant to Section 209(e) of the Advisers Act [15 U.S.C. 80b-9(e)]. Defendant Trease shall satisfy this obligation by paying $100,000 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant Trease may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm. Defendant Trease may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Scott Trease as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Trease shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant Trease relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Trease.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant Trease shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be

6

Case 3:23-cv-00172-MOC-SCR     Document 10     Filed 04/26/23     Page 6 of 9

disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant Trease shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant Trease's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant Trease's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant Trease shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant Trease by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consents are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertaking to, within 10 business days of the entry of the Final Judgment, distribute copies of the complaint and Final Judgment in this matter to all of Defendants' current

7

Case 3:23-cv-00172-MOC-SCR    Document 10    Filed 04/26/23    Page 7 of 9

(as of the date of the Final Judgment) advisory clients, along with a cover letter not unacceptable to Commission Enforcement staff, via mail, commercial courier, or e-mail; and certify, in writing, compliance with the undertakings set forth above. The certification shall identify the undertakings, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendants agrees to provide such evidence. Defendants shall submit the certification and supporting material to the Associate Regional Director of Enforcement in the Commission's Atlanta Regional Office, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than 20 business days from the date of the completion of the undertakings.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant Trease, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Trease under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Trease of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Signed: April 26, 2023

*[Signature]*

Max O. Cogburn Jr.
United States District Judge